# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Darrien Deans

**DEFENDANTS**

Lyft, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William Averona, Esq.

Attorneys *(If Known)*

Jeffrey H. Quinn, Esq.
Ariel A. McKeever, Esq.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Personal injury lawsuit arising out of a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER  251003582

DATE
November 18, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ariel McKeever

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Philadelphia, PA_____

---

***RELATED CASE IF ANY:***  Case Number: _251 003 582_____  Judge: _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☒

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☒ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARRIEN DEANS | : | |
| | : | |
| v. | : | |
| | : | NO. |
| LYFT, INC. | : | |

## <u>DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL</u>

**TO:   TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446(a), Defendant, Lyft, Inc. ("Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., submits this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania.  This action is removable on the basis that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, and this matter is between citizens of different states.[1]  In support thereof, Lyft avers as follows:

---

[1] Nothing in this Notice of Removal should be construed as a waiver of Lyft's right to seek to compel arbitration of Plaintiff's claims pursuant to Lyft's Terms of Service. "[M]inimal procedural actions" such as "removing [an] action to federal court" do not waive a party's right to arbitrate. *Gavlik Constr. Co. v. H. F. Campbell Co.*, 526 F.2d 777, 783-84 (3d Cir. 1975), *abrogated on other grounds*, *Zosky v. Boyer*, 856 F.2d 554 (3d Cir. 1988); *accord Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 598 (3d Cir. 2004) ("Our precedent holds that waiver of arbitration rights 'is not to be lightly inferred' by federal courts."); *Green v. Sec. Indus. Specialists, Inc.*, No. 21-1896, 2021 WL 5435937, at *2 (E.D. Pa. June 11, 2021) (defendant did not waive its right to arbitrate when it "timely removed the case to federal court once Plaintiff filed in state court, and one week later [defendant] filed its Motion to Compel Arbitration"). While this Court has subject matter jurisdiction over this action, the proper forum for this matter is AAA arbitration, pursuant to Lyft's Terms of Service to which Plaintiff consented. A Motion to Compel Arbitration will be filed shortly after this matter is removed to this Court.

## I.    PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

1.    On October 29, 2025, Plaintiff Darrien Deans ("Plaintiff") filed his Complaint against Lyft in the State Court Action.  Plaintiff alleges that on June 20, 2024, he sustained serious injuries, including injuries to his neck, back, ring finger, shoulders, and right ankle as a result of a motor vehicle accident.  In the Complaint, Plaintiff asserts a cause of action against Lyft for negligence based on a theory of respondeat superior.  A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.    Lyft has not yet been served, but received a copy of the Complaint on November 3, 2025.

3.    The removal notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Lyft's receipt of the Complaint "through service or otherwise." *See* 28 U.S.C. § 1446(b).

4.    Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the venue (Philadelphia County, Court of Common Pleas) where the State Court Action has been pending.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

5.    Under 28 U.S.C. § 1441, Lyft has a statutory right to remove this case from state court to this United States District Court because this case could have originally been filed in this federal Court. 28 U.S.C. § 1332(a).  The grant of this right is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." *See* 28 U.S.C. § 1332.  "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention

of returning.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281 (3d Cir. 2006) (*citing Vlandis v. Kline*, 412 U.S. 441, 454, 93 S. Ct. 2230, 37 L. Ed. 2d 63 (1973)).

### III.     THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

6.     Plaintiff is a resident of Pennsylvania.  Upon information and belief and as averred in the caption and body of the Complaint, at the time this action was commenced and at present, Plaintiff is an adult individual residing at 46 Sunshine Road, Upper Darby, PA, and is a citizen, domiciled, and resident of Pennsylvania. *See* Exhibit A, ¶ 1.

7.     Lyft is a Delaware corporation, with its principal place of business in San Francisco, California. Thus, Lyft is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business."); *see also*, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *S. Freedman & Co. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006) ("for purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business.").

### IV.     CONSENT TO REMOVAL

11.     There are no other defendants in this action, and, thus, no consent is required pursuant to 28 U.S.C. § 1446(b)(2)(A).

### V.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12.     The amount in controversy exceeds the $75,000 jurisdictional minimum, as required under 28 U.S.C. § 1332(a).

13.     The amount in controversy requirement is met unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled

to recover that amount." *Samuel-Bassett v. Kia Motors*, 357 F.3d 392, 398 (3d Cir. 2004)

(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L.

Ed. 845 (1938)) (internal quotation marks omitted).

14.     In the Complaint, Plaintiff alleges that as a result of the subject accident, he

sustained, *inter alia*, "injuries to his neck, back, ring finger, shoulders, and right ankle". *See*

Exhibit A, ¶ 5.

15.     Plaintiff further seeks damages related to pain and suffering, alleging that his

injuries "prevented him from enjoying his customary occupational, personal, familial, and social

activities for an extended period of time." *Id.*, at ¶ 6.

16.     The amount in controversy is alleged in the Complaint to exceed the sum of Fifty

Thousand Dollars ($50,000.00).

17.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Lyft asserts the amount in controversy

exceeds $75,000, in light of the extensive damages alleged and because Plaintiff is permitted by

state practice to recover damages in excess of the $75,000 demanded as a money judgment.

18.     Thus, the amount-in-controversy requirement "is met here based on the value of

the claimed [damages], neither of which is to a 'legal certainty' less than the jurisdictional

amount." *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 628 n.5 (3d Cir. 2024) (citing

*SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022)); *see also Angus v. Shiley

Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (observing that "the amount in controversy is not

measured by the low end of an open-ended claim, but rather by a reasonable reading of the value

of the rights being litigated," and affirming denial of remand – stating that if plaintiff "suffered

from the anxiety and ailments" she claimed, it would have been unreasonable for the district

court to conclude that her damages could not exceed the jurisdictional limit); *Williams v. Gsell*

*Moving & Storage*, No. 08-cv-0066, 2008 WL 282205, at *2 (E.D. Pa. Jan. 31, 2008) (denying remand when allegations of "mental anguish" suffering supported finding that amount in controversy is greater than $75,000).

19.    Therefore, upon information and belief, the amount in controversy, as alleged in the Complaint based on the nature of the allegedly severe and continuing injuries and loss of sums of money claimed, and without admitting to the existence or merit of same, exceeds $75,000.00, exclusive of interest and costs.

### VI.    LYFT HAS COMPLIED WITH OTHER REMOVAL REQUIREMENTS

20.    Pursuant to 28 U.S.C. § 1446(a), Lyft is not in possession of any process, pleadings, or orders (other than the Complaint, attached as Exhibit A).

21.    Accordingly, Lyft respectfully submits that this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, Defendant, Lyft, Inc., respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:   November 18, 2025                        *Ariel A. McKeever*

ARIEL A. MCKEEVER, ESQUIRE
(PA ID No.: 324898)
amckeever@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARRIEN DEANS | : | |
| | : | |
| v. | : | |
| | : | NO. |
| LYFT, INC. | : | |

## <u>AFFIDAVIT</u>

Ariel A. McKeever, Esquire, being sworn according to law deposes and says that she is counsel for Defendant, Lyft, Inc. in the within matter; and that she has read the foregoing Notice of Removal and believes it to be true and correct, to the best of her knowledge or information and belief.

Respectfully submitted,

Date:   November 18, 2025          *Ariel A. McKeever*

ARIEL A. MCKEEVER, ESQUIRE
(PA ID No.: 324898)
amckeever@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DARRIEN DEANS                          :
                                       :
            v.                         :
                                       :        NO.
LYFT, INC.                             :

---

### PROOF OF FILING

I, Ariel A. McKeever, Esquire, hereby certifies that a copy of the foregoing Notice of Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas of Philadelphia County on November 18, 2025.

                              Respectfully submitted,

Date:   November 18, 2025     *Ariel A. McKeever*

                              _____
                              ARIEL A. MCKEEVER, ESQUIRE
                              (PA ID No.: 324898)
                              amckeever@dmclaw.com

                              Dickie, McCamey & Chilcote, P.C.
                              1650 Arch Street, Suite 2110
                              Philadelphia, PA 19103
                              Telephone:  215-925-2289
                              Attorneys for Defendant, Lyft Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Ariel A. McKeever, Esquire
Identification No. 324898
Attorneys for Defendant, Lyft, Inc.

---

| | | |
|---|---|---|
| DARRIEN DEANS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | OCTOBER TERM, 2025 |
| LYFT, INC. | : | NO. 3582 |

---

## <u>NOTICE OF REMOVAL</u>

TO:    PROTHONOTARY OF THE COURT OF COMMON PLEAS OF
       PHILADELPHIA COUNTY

      Pursuant to 28 U.S.C.A. §1446(d), Lyft, Inc. files herewith a copy of the Notice of

Removal, which was filed in the United States District Court for the Eastern District of

Pennsylvania on November 18, 2025.



                                  Respectfully submitted,

Date:  11-18-25    *Ariel A. McKeever*

                              _____
                              ARIEL A. MCKEEVER, ESQUIRE
                              Attorneys for Defendant, Lyft, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRIEN DEANS                              :
                                           :
      v.                                  :
                                           :          NO.
LYFT, INC.                                 :

## <u>CERTIFICATE OF SERVICE</u>

    I, Ariel A. McKeever, Esquire, hereby certify that a copy of the attached has been served

upon the following individual by first class, United States mail, postage pre-paid on November

18, 2025.

William V. Averona, Esq.
Averona Law Offices
1515 Market Street, Suite 1650
Philadelphia, PA 19102

Respectfully submitted,

Date:  November 18, 2025       *Ariel A. McKeever*

                        ARIEL A. MCKEEVER, ESQUIRE
                        (PA ID No.: 324898)
                        amckeever@dmclaw.com

                        Dickie, McCamey & Chilcote, P.C.
                        1650 Arch Street, Suite 2110
                        Philadelphia, PA 19103
                        Telephone:  215-925-2289
                        Attorneys for Defendant, Lyft Inc.

"A"

AVERONA LAW OFFICES
BY: WILLIAM V. AVERONA, ESQUIRE
IDENTIFICATION NO.:  316600
1515 MARKET STREET          ATTORNEY FOR PLAINTIFF
SUITE 1650
PHILADELPHIA, PA  19102
(215) 567-4200



---

DARRIEN DEANS            :     PHILADELPHIA COUNTY
46 Sunshine Rd.          :
Upper Darby, PA 19082    :     COURT OF COMMON PLEAS
                         :
        vs               :     No:
                         :
LYFT, INC.               :
548 Market Street, Suite 68514  :
San Francisco, CA 94104  :

---

## CIVIL ACTION

## COMPLAINT

### "NOTICE

  "You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief required by the Plaintiff.  You may lose money or property or other rights important to you.

  "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

### "AVISO

  "Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte pue decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted pueda perder dinero o sus propiedades us otros derechos importantes para usted.

  "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.
ASOCIANCION DE LICENCIADOS DE FILADEFIA
SERVICIO DE REFENDIA E INFORMACION LEGAL

Case ID: 251003582

"A"

AVERONA LAW OFFICES
BY: WILLIAM V. AVERONA, ESQUIRE
IDENTIFICATION NO.: 316600
1515 MARKET STREET         ATTORNEY FOR PLAINTIFF
SUITE 1650
PHILADELPHIA, PA  19102
(215) 567-42000

---

DARRIEN DEANS        :      PHILADELPHIA COUNTY
46Sunshine Rd.           :
Upper Darby, PA 19082      :      COURT OF COMMON PLEAS
                             :
        vs              :      No:
                             :
LYFT, INC.                :
548 Market Street, Suite 68514    :
San Francisco, CA 94104     :

---

## <u>COMPLAINT</u>

1.      The Plaintiff, Darrien Deans, is an individual who resides at 46 Sunshine Rd., Upper

Darby, PA 19082.

2.      Defendant, Lyft, Inc. regularly conducts business in the city and county of Philadelphia,

and at all times pertinent employed the Lyft driver at the time of this accident.

3.      On June 20, 2024, Darrien Deans was a passenger being dropped off at work in a Lyft

vehicle that was involved in an accident on 64th Street and City Line Ave.

4.      Upon information and belief, the Lyft driver pulled out in front into oncoming traffic at

an intersection, with a stop sign, and was struck on the passenger's side by another vehicle.

5.      As a direct and proximate result of Defendant Lyft, Inc.'s driver's negligent acts and/or

omissions the Plaintiff suffered injuries to his neck, back, ring finger, shoulders, and right ankle.

6.      The injuries to the Plaintiff have prevented him from enjoying his customary

occupational, personal, familial, and social activities for an extended period of time.

7.    The injuries to the Plaintiff may cause him to expend sums of money for his care and medical attention in excess of all available coverage.

8.    The Plaintiff in no way caused nor contributed to his losses.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $50,000.00.

## COUNT ONE- NEGLIGENCE
## DARRIEN DEANS   vs   LYFT, INC.

9.    Plaintiff incorporates by reference paragraphs 1 through 9 inclusive as though each were set forth herein at length.

10.    Upon information and belief, Defendant's driver failed to have adequate control of his vehicle.

11.    Upon information and belief, Defendant's driver failed to note the position of the other vehicle involved in the accident.

12.    Upon information and belief, Defendant's driver failed to yield to oncoming traffic.

13.    Upon information and belief, Defendant's driver failed to fully stop at a stop sign.

14.    Upon information and belief, Defendant's driver was distracted while driving.

15.    Under the doctrine of respondeat superior, an employer is vicariously liable for the negligent acts of its employee.

16.    At all times pertinent the Defendant's driver was an employee of Defendant Lyft Inc. and was driving the Plaintiff using the Lyft app at the time of the accident.

17.    Lyft, Inc. is responsible for the negligent acts of its driver.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $50,000.00.

BY:     */s/ William V. Averona*
        _____
        WILLIAM V. AVERONA, ESQUIRE
        Attorney for Plaintiff

Case ID: 251003582

## VERIFICATION

I, Darrian Dears, hereby state:

1.  I am the Plaintiff in this action;
2.  I verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and
3.  I understand that the statements in said Civil Action Complaint are made subject to the penalties of 18 Pa C.S. §4904 relating to unsworn falsification to authorities.

DD

DATED: 10/29/25

Case ID: 251003582